Argued May 3, reversed June 17, petition for rehearing denied
July 13, 1954

# RAMIREZ *v.* RINGO
271 P. 2d 657

*W. C. Winslow,* Salem, argued the cause and filed a brief for appellant.

*Charles R. Cater,* La Grande, argued the cause and filed a brief for respondent.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, TOOZE and PERRY, Justices.

PER CURIAM.

Plaintiff Ramirez and defendant Ringo are both practicing attorneys in the state of Oregon. Plaintiff recovered judgment against defendant for an alleged breach of contract. Defendant appeals.

It appears that plaintiff, in consideration of his payment of $200, received from defendant a written option "to purchase from him his law library and office fixtures and furniture now located in his law office in the West-Jacobson building in La Grande, Oregon." Within the time specified plaintiff exercised the option by paying to defendant the balance of the purchase price, to wit $1,300. Plaintiff, in his complaint, alleges:

> "That on June 9, 1952, plaintiff and defendant entered into a contract with each other whereby defendant agreed to sell and plaintiff agreed to buy defendant's library and office equipment including defendant's files and practice. That a copy of the written portion of said contract is attached hereto and hereby incorporated herein. That defendant further agreed to retire from the local practice of law within two months after plaintiff's purchase of defendant's library and office equipment.

"That plaintiff did purchase from defendant defendant's library and office equipment in accordance with the terms of the aforementioned contract for the price of $1,500.00, said sum having been paid in cash by the plaintiff to the defendant."

. It is further alleged that defendant breached his contract by continuing the practice of law in competition with plaintiff to his damage.

■ The crucial question in this case is whether, in view of the written contract between the parties, the court erred in permitting oral testimony of a purported agreement between the parties as to defendant's retiring from the practice of law. It is our opinion that the court erred in this respect. Where the terms of an agreement have been reduced to writing by the parties, the agreement is to be considered as containing all those terms, and, as between the parties, no evidence of the terms of the agreement other than the contents of the writing may be considered. ORS 41.740. The above rule is not inflexible, however, as is pointed out in *Sund & Co. v. Flagg & Standifer Co.*, 86 Or 289, 168 P 300. If the writing is not clear or is ambiguous, or, from an inspection of the writing, it may be inferred that something has been omitted therefrom, extrinsic evidence of additional terms not found in the writing, under some circumstances, may be entertained.

■ In the present case the contract between the parties is clear, definite and unambiguous. Defendant agreed to sell to plaintiff his law library and office fixtures and furniture for the sum of $1,500. Plaintiff accepted the offer and paid such sum. To permit oral evidence to vary the plain terms of the contract would do violence to the above statute.

Reversed.